IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANDON JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| ANTONIO HARRIS, | : | NO. 5:07-cv-196 (CAR) |
| Defendant | : | **O R D E R** |

Plaintiff **BRANDON JACKSON**, presently confined in Coffee Correctional Facility in Nichols, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

1

## I. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. BACKGROUND

Plaintiff names Antonio Harris as the sole defendant in this action, but neglects to state Harris's official position and place of employment. A review of Westlaw.com reveals that Harris appears to be plaintiff's co-defendant in plaintiff's 1996 Fulton County criminal proceeding. *See Harris v. State*, 272 Ga. 126 (2000). This fact would be consistent with plaintiff's complaint, which addresses events that took place on October 30, 1995, the date of the crime for which plaintiff and Harris were ultimately convicted. As relief, plaintiff asks this Court to "look deeply into the case on facts of lawsuit." He also seeks $10,000 in damages.

## III. DISCUSSION

### A. 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting "under color of state law." *Id.*

Plaintiff does not allege specifically how Antonio Harris was acting under color of law. Simply being a co-defendant does not constitute acting "under color of state law." Plaintiff's complaint thus fails to satisfy the second element required for section 1983 relief.

### B. Heck v. Humphrey

As another ground for dismissal, the Court finds that plaintiff's claim for damages falls within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that before a plaintiff may seek relief through a section 1983 claim that would call into question the validity of his conviction or sentence, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 2372-73. Here, plaintiff's claims, if proved, would invalidate his conviction. Thus, the holding of *Heck* is applicable to the present case.

Plaintiff has not demonstrated, as *Heck* requires, that his conviction or sentence has been reversed, expunged, invalidated or called into question by the grant of the writ of habeas corpus. Therefore, his claim for damages has not yet accrued. Plaintiff may file his section 1983 claim,

against the appropriate defendants, at such time in the future when he is able to meet the requirements of *Heck*.

### C. Habeas

To the extent petitioner wishes to challenge his 1996 conviction through a habeas petition under 28 U.S.C. § 2254, the Court is aware that petitioner has previously had a petition for writ of habeas corpus denied as time-barred. *See Jackson v. Chatman*, 1:06-cv-2176-TCB-WCS (N.D. Ga. Nov. 20, 2006). As plaintiff has been advised, he may not bring a successive petition without first seeking permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3)(A) & 2254. If the Eleventh Circuit were to grant petitioner permission to file a successive habeas petition, said petition should be filed in the United States District Court for the Northern District of Georgia. Such district is the judicial district where Fulton County, Georgia is located. *See* 28 U.S.C. § 90(a)(2).

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 5th day of June, 2007.

                                                                     S/ C. Ashley Royal
                                                                      C. ASHLEY ROYAL
                                                                      UNITED STATES DISTRICT JUDGE

cr